UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:17 CR 429 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | <u>OPINION AND ORDER</u> |
| | ) | |
| LAWRENCE MICHAEL LYNDE, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Lawrence Michael Lynde's Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, which was filed on October 6, 2020. Doc #: 75. The Government filed a response in opposition on November 16, 2020. Doc #: 76. Lynde did not file a reply. For the following reasons, the Motion is **DENIED**.

**I. BACKGROUND**

In October 2015, federal officials received a tip from Canadian authorities that Lynde had been trading child pornography online. An investigation uncovered he had exchanged 62 images with another individual on the online application "Kik" between October and December 2014. Executing a search warrant at Lynde's home in December 2015, federal agents recovered 322 images and five videos of child pornography. The images showed, among other things, prepubescent minors, including toddlers, engaged in genital-to-genital intercourse with adult males. Lynde ultimately pleaded guilty to receiving and distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2).

**II. Standard for Review under 28 U.S.C. § 2255**

Section 2255 of Title 28, United States Code, provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In short, a prisoner seeking § 2255 relief "must allege as a basis for relief: (1) an error of constitutional magnitude, (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). A petitioner seeking § 2255 relief has the burden of proving his contentions by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

In a § 2255 action where the files and records of the case conclusively show that the petitioner is not entitled to relief, the movant is not entitled to a hearing, and the court may deny relief based on the pleadings and record. *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

**III. Analysis**

    **A. Ineffective Assistance of Counsel**

Lynde contends his counsel, Donald Malarcik, rendered ineffective assistance of counsel at both the sentencing hearing and during the restitution process. The Government counters that these claims are refuted by the sentencing transcript and record, and the Court agrees.

To establish an ineffective assistance of counsel, Lynde must demonstrate both counsel's deficient performance, and prejudice resulting from that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ross v United States*, 339 F.3d 483, 491-92 (6th Cir. 2003). The question is whether conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Strickland*, 466 U.S. at 686. Lynde must prove (1) counsel's performance was deficient (i..e., counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment), (2) the deficient performance prejudiced his defense (i.e., counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable). Absent both showings, it cannot be said the conviction resulted from a breakdown in the adversary process rendering the result unreliable. Id. at 687.

Judicial scrutiny of counsel's performance is to be "highly deferential," and "every effort must be made to eliminate the distorting effects of hindsight." *Id*. at 689. A defendant "is not entitled to the most canny lawyer available, but only an adequate one." *United States v. Morrow*, 977 F.2d 222, 230 (6th Cir. 1992). That counsel must be effective is not a result-oriented standard. Counsel is required to be competent, not victorious. *Beasley v United States*, 491 F.2d 687, 696 (6th Cir. 1974). Error-free representation is not required. *Parker v. North Carolina*, 397 U.S. 790, 797-98 (1970).

### 1.     Sentencing

Lynde claims Attorney Malarcik failed to make an independent investigation into his case and therefore failed to refute several facts at the sentencing hearing. Lynde also claims Malarcik failed to present mitigating factors to the Court that would, presumably, lessen his

sentence. These arguments lack merit. Lynde himself admitted the factual basis for his guilty plea at the change of plea hearing. Doc #: 56 at 12-14. Having done so, Attorney Malarcik successfully advocated for a lower sentence using a combination of mitigating factors and legal argument.

At the sentencing hearing, it was agreed that Lynde's offense level was 34, Criminal History Category 1 - with a guidelines sentencing range of 151-188 months. Doc #: 57 at 5. In the sentencing memo *and* at the sentencing hearing, Lynde's counsel objected vociferously against applying the sentencing enhancement at U.S.S.G. § 2G2.2 for using a computer to commit Lynde's crimes. The Court agreed with Lynde's counsel that use of § 2G2.2 was unnecessarily harsh. Doc #: 57 at 28-29 ("I have in almost every case granted a two-level variance because I have not, in my 27 years, had a case that did not involve the use of a computer."). Absent that enhancement, Lynde's offense level was 32, Criminal History Category 1, with a guidelines range of 121-151 months. Furthermore, Lynde's counsel discussed many mitigating factors in advocating for a lower sentence: Lynde served in the U.S. Air Force; he became a skilled x-ray service engineer who received raises and promotions throughout his career; Lynde used those skills to travel to Kosovo in 2010, Guatemala in 2013, and Columbia in 2015 donating radiology equipment and teaching people how to run them; Lynde had no prior criminal record, raised three children, and had led an otherwise exemplary life. Id. at 5-12. The Court took these mitigating factors into consideration and varied downward two more levels to offense level 30, Criminal History Category 1, with a guidelines sentencing range of 97-121 months. The Court sentenced Lynde to 97 months, or the bottom of the relevant guidelines range. Lynde has failed to show that Attorney Malarcik's performance

was deficient as the Court clearly took into account his arguments lowering Lynde's sentence. The sentence was affirmed by the Sixth Circuit on direct appeal. Doc #: 58.

### 2. Restitution

Lynde argues that Malarcik failed to investigate the restitution claims rendering his assistance constitutionally ineffective. However, the record shows that both victims requested $10,000; Malarcik did in fact investigate the restitution claims; Lynde and Malarcik discussed the situation via email on July 14, 2018; Lynde phoned Malarcik the next day (which was one day before the restitution hearing) and confirmed that he agreed to pay restitution in the amount of $20,000 and he did not want a restitution hearing. See Doc #: 75 at 24-25; Doc #: 75-2 at 2-3. Due to Lynde's agreement to pay restitution of $20,000,[1] Lynde has failed to show counsel's performance was deficient when it comes to restitution.

### B. Eighth Amendment Claim

Lynde claims that he is being subjected to cruel and unusual punishment by being confined to FCI Elkton during the COVID-19 pandemic. Lynde has already raised this argument in a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which the Court has denied initially, and upon reconsideration. Respectively, Doc ##: 71, 73.

### C. Hearing

An evidentiary hearing is not necessary where the files and records of the Court establish, as in this case, that Lynde is not entitled to any relief. *Green v. United States*, 65 F.3d 546 (6th Cir. 1995); *Bryan v. United States*, 721 F.2d 572, 577 (6th Cir. 1983).

---

[1] This is also an amount the Court found reasonable at the sentencing hearing. Doc #: 57 at 30-31.

## IV. Conclusion

Based on the foregoing, the Court hereby **DENIES** the pending § 2255 Motion without a hearing.

**IT IS SO ORDERED.**

                                                */s/ Dan A. Polster     December 31, 2020*
                                                **Dan Aaron Polster**
                                                **United States District Judge**